### Joseph G. English v. The City of Danville.

1. PLEADINGS—*Construction of.*—Every pleading is to be taken most strongly against the pleader.

2. SAME—*Allegations of Special Damages.*—When the law does not necessarily imply that the plaintiff has sustained damages by the acts complained of. it is essential to the validity of the declaration that the resulting damages should be shown with particularity in order to prevent surprise to the defendant which might otherwise ensue on the trial, and the plaintiff will not be permitted to give in evidence matters not so stated.

3. DAMAGES—*Damnum Absque Injuria.*—To authorize a recovery for an injury to property by the construction of a public improvement by a municipal corporation, it must appear that there has been some physical disturbance of a right enjoyed as incident to such ownership by the owner of such property.

4. SAME—*Public Improvements.*—A street, or part of a street, may be improved and the adjacent property may be directly benefited thereby, but it does not follow that other localities thereby sustain any damage in contemplation of law.

**Trespass on the Case,** for damages sustained by the construction of public improvements. Error to the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 4, 1896.

### STATEMENT OF THE CASE.

The plaintiff in error declared in case, alleging that he was, and for more than twenty years had been, the owner of

English v. City of Danville.

a certain lot on the east side of Gilbert street, which runs north and south and is forty-nine and a half feet wide; that by general ordinances of the city, in force for ten years, sidewalks on streets of the width of said street were required to be nine and three-fourths feet wide; that by an ordinance recently passed, it was provided that said Gilbert street should be improved between North street and Madison streets by a curbing to be set on each side of the street, fifteen feet from the center line thereof; that on the west side of said Gilbert street between the streets named, the defendant city, contrary to the aforesaid ordinances, wrongfully put, and allowed the owners of lots on said west side to put, curbing twelve feet from the center of the street and thereby suffered and permitted said owners on the west side to enjoy a space twelve and a half feet wide, that is to say, " five feet for sidewalks proper, and seven and one-half feet for sward, shade trees, parks, statuary and ornament, thereby beautifying, ornamenting and enhancing in value the lots aforesaid on the west side of the said Gilbert street, while on the east side of Gilbert street, between the said North street and the said Madison street, the defendant on; that is to say, the 19th day of November, 1895, contrary to the provisions of the ordinances aforesaid, unnecessarily and wrongfully put in the said Gilbert street permanent stone curbing nineteen feet east of the center of said Gilbert street, leaving five and three-fourths feet on the east side of the said street for a sidewalk and allowing no space on the east side for sward, trees, statuary and ornaments, as was allowed on the west side, and thereby greatly depreciated the market value of the lots on the east side, including the said lot owned and occupied by the plaintiff.

And the plaintiff averred that the curbing on the said Gilbert street, between North street and Madison street, and the respective widths of the sidewalks aforesaid on the west and east sides of Gilbert street, were so put, placed, located and established as aforesaid, contrary to the ordinances aforesaid, and were not required to be so put, placed, located or established by any demand or necessity of the public

or the requirements of the public travel or convenience, but were so put, placed or located and established, unnecessarily, arbitrarily, wrongfully and through favoritism, whereby and by reason whereof and of the premises, the plaintiff averred that the value of the said lot owned and occupied by him as aforesaid, was injured and greatly depreciated in value generally, and especially in this, that is to say, that its front on the said Gilbert street was not as handsome and inviting in general appearance; that it had not an equal degree of safety with a lot having a wider sidewalk in its front; that an equal opportunity with the lots on the said west side of the said Gilbert street was not afforded in its front for sward, shade trees, statuary and ornament; that it was to a greater degree subject to the annoyance of the dust, danger and noise necessarily caused by the public travel and traffic in its front on the said Gilbert street; that it was made less inviting and desirable to purchasers seeking lots for residences and that it was otherwise injured and depreciated in its market value by reason of the acts of the defendant in unnecessarily, arbitrarily, inequitably, unjustly and wrongfully curbing, and permitting to be curbed as aforesaid, the said Gilbert street, and in locating and establishing, and permitting to be located and established as aforesaid, the sidewalks aforesaid.

The court sustained a demurrer to the declaration and rendered judgment against the plaintiff for cost. To reverse that judgment the plaintiff has brought his writ of error, and the only question is, whether the declaration sufficiently alleged a cause of action.

D. D. EVANS and WILL BECKWITH, attorneys for the plaintiff in error.

G. F. REARICK, city attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
The declaration is quite loose and indefinite in some of its allegations.

Applying the familiar rules that in pleading everything shall be taken most strongly against the pleader, and that pleadings must not be ambiguous or argumentative, let us ascertain what is the substance of the declaration. It will be noticed that there is a recital of certain ordinances by which it was provided, in the first place, that sidewalks or streets of the width of Gilbert street, were to be nine and three-fourths feet wide, and that later, an ordinance was passed providing for improving a part of this street by a curbing to be set fifteen feet from the center line thereof, and that neither of these ordinances was observed in placing the curbings at the point in question, on either side of the street. The allegation is that the city, contrary to said ordinances, wrongfully put, and allowed the owners of lots on the west side of the street to put, the curbing twelve feet from the center and thereby suffered said owners on the west side to enjoy a space of twelve and a half feet, that is to say, five feet for sidewalk proper, and seven and a half for sward, shade trees, etc. It seems uncertain and ambiguous as to whether this was done by the city or by the abutting lot owners.

There is no definite statement of the terms of the ordinance from which it can be ascertained whether the sidewalk and curbing were to be put in by the city, or by the owners of abutting lots, nor is it averred what was the fact and therefore it seems to be a fair construction that on the west side it was done by the lot owners with permission of the city. As to the east side, it is plainly averred that the city placed the curbing nineteen feet from the center line, leaving but five and three-fourths feet for sidewalk. Thus it is alleged that the city acted, and permitted others to act, contrary to the provisions of the ordinances, as construed by the pleader, but unless the plaintiff has thereby sustained such damages as the law will notice, he has no cause of action. What are the allegations as to damages?

It is averred that by reason of the space of seven and a half feet taken for sward, shade trees, parks, statuary and ornaments, the lots on the west side are beautified, orna-

mented and enhanced in value, but that no such or any space was left on the east side for sward, shade trees, statuary and ornaments, and thereby the lots on the east side were greatly depreciated in value. In the next sentence it is averred that such action was wrongful, arbitrary and partial, whereby the plaintiff's lot was greatly depreciated in value generally, and especially in this, that its front was "not so handsome and inviting in appearance;" had not "an equal degree of safety with a lot having a wider sidewalk;" that an "equal opportunity with the lots on the west side is not afforded as a part of the sidewalk in its front for sward, shade trees, statuary and ornament;" that it was "to a greater degree subjected to annoyance of dust, danger and noise, necessarily caused by public travel and traffic in its front;" that it was "made less inviting and desirable to purchasers seeking lots for residences," and "otherwise injured and depreciated in its market value." The allegation that the plaintiff's lot was greatly depreciated in value is immediately followed by the statement of certain particulars of damage, with the conclusion that it was otherwise injured, etc. The special damages thus set forth may fairly be presumed to be and include all that the plaintiff intends to claim. It is a settled rule of pleading that when the law does not necessarily imply that the plaintiff sustained damage by the act complained of it is essential to the validity of the declaration that the resulting damage should be shown with particularity, in order to prevent the surprise to defendant which might otherwise ensue on the trial, and the plaintiff will not be permitted to give in evidence matters not so stated. 1 Ch. Pl. 396.

Here there is no implication of law that the acts complained of caused any damage to the plaintiff. Hence he must particularly state the items of injury upon which he will rely, and the general averments of depreciation may be disregarded.

The averment that the plaintiff's lot "is to a greater degree subjected to the annoyance of dust, danger and noise, necessarily caused by public travel and traffic in its front" is not so positive and direct as it should be.

It is not certain whether the pleader means that the annoyance complained of is greater than it was before the improvement, or whether it is merely greater than that now, or formerly, suffered by the other side. He does not say that it is greater than heretofore, nor whether the increase is due to the improvement or to other causes. He oes not aver that the traffic is pushed further east than it naturally or properly would be but for the improvement and, therefore, he sustains greater annoyance in the particulars named. Those particulars are indefinite, and it may well be doubted whether they are of themselves such tangible and certain elements as to furnish a basis for substantial damages. And the averment is but an argumentative statement of the pleader's conclusion as to these items.

It follows that the substance of the plaintiff's complaint is that the city has permitted twelve and one-half feet of the street to be taken on the west side for the purpose of a sidewalk and a sward, and has allowed but five and three-fourths feet on the east side for the purpose of a sidewalk merely. In other words, the city is doing, or permitting the owners of lots on the west side to do, more in the way of ornamentation than on the east side, and is using, or permitting the said lot owners to use, seven and one-half feet of the street for a sward which, it is expected, will be ornamented with statuary, trees, etc.; and as the averment is to be taken most strongly against the pleader, it amounts to this, that the city is merely permitting said lot owners to do so, and thereby the west side is made more attractive than the east, so that lots on that side have become more eligible than those on the east. It does not appear that those on the east side are less valuable than before, in that the use and enjoyment thereof have been in any wise lessened, but the proposition, reduced to its simplest form is that the lots on the west side have been enhanced in value by the means and in the way mentioned.

It is very clear that there has been no physical invasion of the plaintiff's property, and it seems equally so that no physical disturbance of any right enjoyed by the plaintiff,

in connection with his property, is alleged. His right of ingress and egress is not affected; no additional burden is imposed. The improvement which the city has permitted lot owners to make on the west side has enhanced the value of property on that side, but it does not appear that it has diminished the value of that on the east side.

Lots on the west side are more salable than before, and perhaps they will be taken at the higher prices in preference to those on the east side at the prices formerly obtainable. If this can be considered in any sense a damage to the plaintiff it is in a legal sense *absque injuria*, and the city is not to be held responsible.

The fee of the street is in the city, and it may make or permit others to make any improvement therein not inconsistent with the purposes of a street, and unless the property of abutting lot owners is damaged thereby they have no cause of complaint. One street, or one part of a street, may be improved and the adjacent property may be directly benefited thereby, but it does not follow that other localities thereby sustain any damage in contemplation of law. Otherwise there could be no improvements made by the city in one locality without making compensatory, corresponding or equivalent improvements every where else, which, of course, would be impossible.

In Rigney v. Chicago, 102 Ill. 64, it was remarked that there are certain injuries necessarily incident to the ownership of property in towns and cities, which may directly impair the value thereof, for which the law affords no remedy, as, for instance, the building of a jail or a police station, which may depreciate property in the vicinity; and it was further said : "So, as to an obstruction in a public street, if it does not affect the use or enjoyment of neighboring property, and thereby impair its value, no action will lie. In all cases, to warrant recovery, it must appear there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives it an additional value, and that by reason of such disturbance he has sustained a special

damage with respect to his property in excess of that sustained by the public generally."

We are of opinion that demurrer was properly sustained, and the judgment is therefore affirmed.